# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JOEL T. DEGRANDIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV411-306 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

On January 19, 2012, the Court advised plaintiff Joel T. DeGrandis that he had failed to state a claim for relief against defendant but permitted him 14 days from the date of that order to submit an amended complaint curing its deficiencies.[1] (Doc. 6.) He submitted his amended complaint but it still fails to state a claim for relief. (Doc. 7.)

As the Court explained in its prior order, DeGrandis has two claims. First, he states that he is due a larger refund from his 1995 and 1996 returns (he only received $4,232.52 but was due $23,129.34). (Doc. 7 at

---

[1] Since he is proceeding IFP, the Court must screen his complaint to determine whether he states a claim for relief. 28 U.S.C. § 1915(e) (permitting the Court to dismiss IFP complaints that are frivolous or fail to state a claim for relief).

1.) Second, he contends that on January 22, 2007 the Internal Revenue Service ("IRS") improperly charged him a tax bill of $15,000. (*Id.* at 2.) As relief, he asks that the Court reverse the $15,000 charge and order the IRS to pay provide a bigger refund or the 1995 and 1996 tax years. (*Id.* at 2.)

The Court lacks jurisdiction to consider the second claim. As explained in its prior order, this Court's jurisdiction is limited to "refund" claims. 26 U.S.C. § 7422(a). Unless a plaintiff first paid the sum charged by the IRS, he must file suit in the United States Tax Court, which is the only court authorized to hear "prepayment" cases -- those cases seeking a reevaluation of an amount due the United States. 26 U.S.C. § 6213(a). DeGrandis has not alleged that he paid that sum to the United States. Hence, that claim fails. (Doc. 7 at 2.)

The 1995 and 1996 refund claims, however, squarely fall within this Court's jurisdiction. But DeGrandisis is too late. Under 26 U.S.C. § 6532(a), tax refund suits must be filed within two years of receiving a notice of disallowance from the IRS. DeGrandis states that he filed an administrative

claim that was denied on October 23, 2006.[2] (Doc. 1 at 1.) He did not file his suit here until December 7, 2011, well outside the two-year period allowed by the statute. Hence, his first claim is untimely.

For the reasons explained above, DeGrandis's complaint fails to state a claim for relief. Hence, this case should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 15TH day of February, 2012.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT GEORGIA

---

[2] It is actually unclear whether his claim was denied on October 23, 2006 or on April 24, 2009, when he received a refund of $4133.52 for his 1996 taxes. (Doc.7 at 1.) It matters not, however, since in either case his claim is untimely.